# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47195

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

JUAN SANTOS-QUINTERO, JR.,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 19, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction for one count of aggravated battery on certain personnel, two counts of aggravated assault on certain personnel, one count of unlawful possession of a firearm, one count of grand theft by receiving or possessing stolen property, and being a persistent violator, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Juan Santos-Quintero, Jr., appeals from his judgment of conviction for one count of aggravated battery on certain personnel, two counts of aggravated assault on certain personnel, one count of unlawful possession of a firearm, one count of grand theft by receiving or possessing stolen property, and being a persistent violator. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After receiving a report from a concerned citizen, officers responded to a residence where an unidentified individual suspected of shooting from a vehicle on a public highway had taken

1

refuge. Officers also received information that Santos-Quintero and his girlfriend, both of whom were wanted for questioning in relation to other offenses, might be inside the residence. Sometime after officers arrived and announced their presence, Santos-Quintero's girlfriend exited the residence, identified herself, and told officers that Santos-Quintero fled and the residence was empty. Skeptical that Santos-Quintero had fled, officers surrounded the residence and waited for backup to arrive. After seeing movement through the backdoor, an officer ordered Santos-Quintero to surrender and began advancing on the residence. Santos-Quintero responded with gunfire, wounding a different officer. Eventually, negotiators convinced Santos-Quintero to surrender and took him into custody.

The State charged Santos-Quintero with aggravated battery on certain personnel (I.C. § 18-915), two counts of aggravated assault on certain personnel (I.C. § 18-915), unlawful possession of a firearm (I.C. § 18-3316), a sentencing enhancement for using a firearm during the commission of a felony (I.C. § 19-2520), and being a persistent violator (I.C. § 19-2514). The State also charged Santos-Quintero with grand theft (I.C. § 18-2407), alleging that he knew the firearm used against the officers was stolen. Santos-Quintero pled not guilty and waived his right to a jury trial.

The State subpoenaed Santos-Quintero's girlfriend to testify at the ensuing bench trial. Despite a grant of use immunity and an order from the district court to answer the prosecutor's questions on direct-examination, Santos-Quintero's girlfriend refused to testify, resulting in contempt proceedings against her. The district court then found Santos-Quintero's girlfriend was unavailable to testify and, over Santos-Quintero's hearsay objection, admitted testimony from an officer about statements Santos-Quintero's girlfriend made during police interviews. Some of those statements implicated Santos-Quintero in the theft of the firearm used against the officers. Ultimately, the district court found Santos-Quintero guilty of all five substantive offenses and the persistent violator enhancement.[1] Santos-Quintero appeals.

---

[1]     The district court dismissed the firearm enhancement because the charging document lacked an offense date for that allegation.

## II.

## STANDARD OF REVIEW

The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Folk*, 162 Idaho 620, 625, 402 P.3d 1073, 1078 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

In criminal bench trials, the erroneous admission of evidence is not reversible error unless it appears that the opposing party was misled or surprised in a substantial part of its case or that the trial court materially relied on the erroneously admitted evidence. *State v. Powell*, 120 Idaho 707, 710, 819 P.2d 561, 564 (1991).

## III.

## ANALYSIS

Santos-Quintero argues that the district court erred in admitting testimony relating statements his girlfriend made to officers as statements against interest under I.R.E. 804(b)(3). Specifically, Santos-Quintero contends that the district court did not "ensure that the corroboration requirement of [I.R.E.] 804(b)(3)" was satisfied because it failed to expressly identify any specific circumstances corroborating his girlfriend's statements.[2] The State responds that the district court properly admitted the testimony and that, even if the district court erred, any error was harmless. We hold that Santos-Quintero has failed to show reversible error.

At the conclusion of the bench trial, the district court orally pronounced its verdict on each charge, finding Santos-Quintero guilty of the five substantive offenses and the persistent violator

---

[2] In his initial brief, Santos-Quintero also argued that the district court erred by concluding that I.R.E. 804(b)(3)(A) and (B) form a disjunctive list of requirements that permit the admission of statements against penal interest without corroborating circumstances clearly showing the trustworthiness of the statements. However, Santos-Quintero withdrew this argument in his reply brief, conceding that the record established that the district court interpreted only I.R.E. 804(b)(3)(A) as presenting a disjunctive list of requirements.

enhancement. The district court expressly identified the facts and evidence supporting each verdict in its oral pronouncement. The testimony relating the statements of Santos-Quintero's girlfriend to law enforcement was mentioned only in relation to the guilty verdict for grand theft. Specifically, the district court relied on that testimony to connect Santos-Quintero to a vehicle burglary in which the firearm he used against the officers was stolen, which established his knowledge that the firearm was stolen property. The district court's limited use of the statements by Santos-Quintero's girlfriend is unsurprising considering that they focused on her mere presence with Santos-Quintero prior to the shooting and his involvement in a vehicle burglary that occurred about a week prior to the other criminal conduct charged in this case.[3] Because the record shows that the district court materially relied on the hearsay testimony relating the statements of Santos-Quintero's girlfriend only to find Santos-Quintero guilty of grand theft, the admission of that evidence could constitute reversible error only in relation to that offense.[4] *See Powell*, 120 Idaho at 710, 819 P.2d at 564.

We disagree with Santos-Quintero's assertion that the district court applied the wrong legal standard in admitting Santos-Quintero's girlfriend's statements under I.R.E. 804(b)(3) without expressly identifying corroborating circumstances showing that a reasonable person could believe them. Statements that expose the declarant to criminal liability may be admissible when the declarant is unavailable to testify at trial. I.R.E. 804(b)(3)(A). When offered in a criminal case, however, there must be corroborating circumstances that clearly indicate the trustworthiness of such statements. I.R.E. 804(b)(3)(B). Ultimately, the issue for trial courts considering whether sufficient corroborating circumstances exist is whether evidence in the record corroborating and

---

[3]     During trial, the district court indicated that the statements of Santos-Quintero's girlfriend were relevant to establishing Santos-Quintero's identity as the perpetrator of all the charged offenses. However, the district court ultimately did not cite the statements for that purpose when pronouncing its verdicts.

[4]     Additionally, because the district court materially relied upon only the statements by Santos-Quintero's girlfriend related to the vehicle burglary, it is unnecessary to address Santos-Quintero's contention (raised in his reply brief) that the State waived any argument that the admission of other statements by his girlfriend was not error.

4

contradicting the declarant's statements would permit a reasonable person to believe that the statement *could* be true. *State v. Meister*, 148 Idaho 236, 242, 220 P.3d 1055, 1061 (2009).

Prior to trial, the State notified Santos-Quintero of its intent to call his girlfriend to testify. Although Santos-Quintero's girlfriend was initially cooperative and was granted use immunity for her testimony, a few hours before she was scheduled to testify, she informed the prosecutor that she no longer intended to testify. The district court subsequently ordered Santos-Quintero's girlfriend to answer the prosecutor's questions, but she refused. As a result, the district court informed Santos-Quintero's girlfriend that she would face contempt proceedings and, pursuant to the prosecutor's request, the district court found Santos-Quintero's girlfriend unavailable under I.R.E. 804.

The prosecutor then called a police officer who interviewed Santos-Quintero's girlfriend three times while she was in custody following the shooting. When the prosecutor inquired into the substance of the interviews, Santos-Quintero objected on hearsay grounds. After hearing the parties' arguments regarding whether the officer's testimony about statements by Santos-Quintero's girlfriend would fall within the statements against penal interest or catchall exceptions to the hearsay rule under I.R.E. 804(b), the district court decided to hear the testimony before determining whether it fell within a hearsay exception. If the evidence was subsequently deemed inadmissible, the district court stated that it would not consider the evidence.

The substance of the officer's testimony was that, while being interviewed, Santos-Quintero's girlfriend said that she was with Santos-Quintero while he was target shooting on the day of his arrest. The officer further testified that, when asked about the source of the gun and a recent vehicle burglary during which the gun was stolen, Santos-Quintero's girlfriend said that parking lot surveillance video from a local store would show her waiting in a vehicle while Santos-Quintero took items from an unoccupied vehicle some time before his arrest. Santos-Quintero's girlfriend did not explicitly say, however, that Santos-Quintero took the firearm.[5]

---

[5]     Other evidence admitted during trial showed that the firearm Santos-Quintero used against the officers had recently been stolen from the unoccupied vehicle while it was parked in the parking lot his girlfriend referenced.

After hearing the officer's testimony, the district court asked the parties whether the corroboration requirement of I.R.E. 804(b)(3) had been satisfied, but reserved final ruling on Santos-Quintero's hearsay objection.[6] Before pronouncing its verdicts, the district court reiterated that Santos-Quintero's girlfriend was unavailable under I.R.E. 804; found that the statements she made during the police interviews "could expose her to criminal liability"; and concluded that the statements were admissible under I.R.E. 804(b)(3). However, the district court did not expressly identify the corroborating circumstances supporting the trustworthiness of the statements. Santos-Quintero does not challenge the district court's determinations that his girlfriend was unavailable or that her statements were against her penal interest. Rather, Santos-Quintero argues only that the absence of express findings on the corroboration requirement of I.R.E. 804(b)(3) is reversible error. We are not persuaded.

Initially, to the extent Santos-Quintero argues that the district court failed to apply the corroboration requirement of I.R.E. 804(b)(3) at all, we reject his argument for two reasons. First, the district court expressly questioned the parties regarding whether the corroboration requirement was satisfied. Additionally, while discussing the corroboration requirement with Santos-Quintero's counsel, the district court indicated that other testimony about the gun's theft from the unoccupied vehicle corroborated statements by Santos-Quintero's girlfriend describing the vehicle burglary. Despite the absence of explicit findings regarding corroboration at the time the district court made its ultimate decision on the applicability of I.R.E. 804(b)(3), we will not presume the district court failed to apply a legal standard it expressly discussed on the record.

Second, this case involved a bench trial, making the district court the arbiter of both the law and the facts. It is the fact-finder's role to determine whether a statement against penal interest is true. *Meister*, 148 Idaho at 242, 220 P.3d at 1061. Because the district court (in its fact-finding

---

[6]     More specifically, the district court asked the parties whether the corroboration requirement was "applicable." Out of context, this word choice might suggest an inquiry into whether the corroboration requirement was relevant. Viewed in context, however, the district court's inquiry is best understood as an inquiry into whether the corroboration requirement was satisfied. Moreover, the parties responded to the district court's inquiries with arguments regarding whether sufficient corroborating circumstances existed--not whether the corroboration requirement actually applied at all.

role) depended upon the statements of Santos-Quintero's girlfriend to find Santos-Quintero guilty of grand theft, the district court (in its role as arbiter of the law) must have determined there were sufficient corroborating circumstances to permit a reasonable person to find the statements were true. We reject Santos-Quintero's assertion that the district court did not consider the corroboration requirement in I.R.E. 804(b)(3).

To the extent Santos-Quintero is challenging the existence of the requisite corroborating circumstances, we reject any such claim as well. Santos-Quintero's girlfriend made the challenged statements while in police custody. The statements implicated Santos-Quintero in the firearm theft related to a vehicle burglary in which officers suspected Santos-Quintero's girlfriend was a participant. A constellation of evidence in the record corroborates the challenged statements. First, the romantic relationship between Santos-Quintero and his girlfriend suggests a motive to fabricate *exculpatory* statements--not inculpatory ones. *See Meister*, 148 Idaho at 242 n.7, 220 P.3d at 1061 n.7. Santos-Quintero's girlfriend's initial reluctance to discuss the vehicle burglary and implicate Santos-Quintero further supports this inference and is inconsistent with an intent to curry favor or deflect blame. Indeed, there is no evidence in the record that Santos-Quintero's girlfriend sought immunity or a reduction in criminal charges pending against her in another county in exchange for testifying but, instead, decided to face contempt proceedings for defying a court order to testify. Second, the statements occurred about a week after the vehicle burglary and within hours to days of Santos-Quintero's girlfriend being taken into custody, and the statements apparently remained consistent through three interviews. *See id.* Finally, the record shows that Santos-Quintero possessed the firearm stolen during the vehicle burglary at the time of his arrest. Not only does the evidence show that Santos-Quintero used the stolen firearm to commit the aggravated battery and assaults charged in this case, but his girlfriend's statements to officers indicated that she had no interest in the firearm and smoked while Santos-Quintero was target shooting with the weapon prior to his confrontation with police. Accordingly, we conclude that a reasonable view of the evidence supports the district court's implicit finding that a reasonable person *could* have found the challenged statements by Santos-Quintero's girlfriend truthful. Thus, Santos-Quintero's challenge to the admission of those statements fails.

**IV.**

**CONCLUSION**

The district court's failure to make express findings identifying the corroborating circumstances supporting admission of hearsay testimony relating to statements by Santos-Quintero's girlfriend is not reversible error. Consequently, Santos-Quintero has failed to show reversible error in the admission of that evidence. Accordingly, Santos-Quintero's judgment of conviction for one count of aggravated battery on certain personnel, two counts of aggravated assault on certain personnel, one count of unlawful possession of a firearm, one count of grand theft by receiving or possessing stolen property, and being a persistent violator is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.